UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL R. JOHNSON,                              Civil No. 05-2769 DWF/SRN

      Plaintiff,

v.                                                                  **REPORT AND**
                                                                    **RECOMMENDATION**
JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-entitled matter comes before the Court on Defendant's Motion to Remand (Doc. No. 6.)  The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, the Court recommends granting Defendant's motion.

    The Social Security Administration's Office of Hearings and Appeals wishes to take further administrative action in this matter as they have determined the following:

> (a) On December 2, 2005, a civil action was filed in the United States District Court for the District of Minnesota;
> (b) Upon notification of the civil action, on December 12, 2005, the claim file and cassette tape of the hearing were requested.  On December 13, 2005, both the claim file and the tape were received;
> (c) On December 15, 2005, the tape recording of the scheduled hearing was removed from the claim file and sent to a private contractor for transcription;
> (d) On December 29, 2005, the contractor returned the tape indicating that the claimant's testimony was barely audible.  Under the circumstances, the contractor did not transcribe the tape; and
> (e) Remand is needed to hold a de novo hearing because the administrative record is incomplete.

(Doc. No. 7 at 2-3.)  Defendant requests this matter be remanded to the Commissioner for a de novo hearing so that a reviewable record may be made of the proceedings

below.

The Social Security Act as amended, the relevant provision of which is codified at 42 U.S.C. § 405(g), provides:

> As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner . . . .

As noted in the 1980 Joint Conference Committee Report to Section 307 of Public Law 96-265, which amended 42 U.S.C. § 405:

> [T]here are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed . . . good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the court may review . . . .

H.R. Rep. No. 96-944, at 59 (1980) (Conf. Rep.), reprinted in 1980 U.S.C.C.A.N. 1392, 1407, 1980 WL 13107, quoted in Evangelista v. Sec. of Health and Human Servs., 826 F.2d 136, 141 (1st Cir. 1987). Given the above, the Court finds that the United States has shown good cause for remand.

**THEREFORE, IT IS HEREBY RECOMMENDED that**:

1. This case be remanded to the Commissioner for further administrative action pursuant to the sixth sentence of 42 U.S.C. § 405(g). If the parties to this action do not object to this Report and Recommendation and wish to waive the objection period established by District of Minnesota Local Rule 72.2(b), they should file with the Court a timely stipulation indicating such waiver.

Dated: February 6, 2006

                                s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States Magistrate Judge

Under District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 24, 2006, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.