**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael R. Johnson,  Civil No. 05-2769 (DWF/SRN)

        Plaintiff,

v.  **ORDER AND MEMORANDUM**

Jo Anne B. Barnhart,
Commissioner of Social Security,

        Defendant.

___

Dennis L. Peterson, Esq., Peterson & Fishman, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

___

This matter is before the Court upon Plaintiff's objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated February 6, 2006, recommending that this case is remanded to the Commissioner for further administrative action pursuant to the sixth sentence of 42 U.S.C. § 405(g).  The Plaintiff objects to Magistrate Judge Nelson's recommendation for a remand only insofar as Magistrate Judge Nelson has not specified a time frame within which a hearing should be held.  Defendant has responded to that objection of the Plaintiff and opposes any attempt by the Court to place a time limit on the remand.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).  The factual

background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Michael R. Johnson's objections (Doc. No. 11) to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated February 6, 2006, are **DENIED**.

2. Magistrate Judge Susan Richard Nelson's Report and Recommendation dated February 6, 2006 (Doc. No. 10), is **ADOPTED**.

3. This case is remanded to the Commissioner for further administrative action pursuant to the sixth sentence of 42 U.S.C. § 405(g).

Dated:  February 13, 2006            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court

## MEMORANDUM

The Court has respectfully declined to impose a period of time within which a new hearing should be held.  The Court has done so without reaching the issue of whether it has jurisdiction or the inherent authority to set such a time limit.

Hopefully, all of the parties, including the Commissioner of Social Security, are aware of the adverse consequences and oftentimes prejudice that accompany long delays between hearings and

decisions. For many years, with or without justification, affected claimants and the public at large have criticized the federal courts and the Commissioner of Social Security for the process that has been set up and the attendant delays in almost every case. The most pointed criticism has been that the issue is not one of lack of resources, but lack of priorities to move these cases along. Suffice it to say that we will endeavor to minimize delay and prejudice to all parties concerned irrespective of the cause of such delays.

Plaintiff's request is a reminder of the consequences of such delays on clients and families. If the tone of this Memorandum is apologetic, it is intended to be so. However, although the Court can agree with the concerns espoused by Plaintiff's counsel, it has respectfully declined to order such a time line. Whether the time has come for Congress to attempt to impose such deadlines in the interests of justice is not before the Court.

D.W.F.